1/13/2017 10:08:45 AM
17CV01379

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF POLK

| | |
|---|---|
| ALVIN M. LAMBRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>AUTUMN LAMBRIGHT, CITY OF SALEM/SALEM POLICE DEPARTMENT, RICHARD BEAL and JARED NOACK,<br><br>    Defendants. | Case No.<br><br>COMPLAINT–INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS; MALICIOUS PROSECUTION; NEGLIGENCE; VIOLATION OF 42 U.S.C. § 1983, UNLAWFUL SEIZURE<br><br>(Jury Trial Requested; Not Subject to Mandatory Arbitration)<br><br>Amount Claimed: $246,741.86 |

Plaintiff alleges:

## JURISDICTION AND VENUE

1.

Plaintiff is an Oregon resident.

2.

At all times material, Defendant Autumn Lambright, was a resident of Polk County, Oregon.

3.

Defendant Salem Police Department ("Def. SPD") is an agency of the City of Salem, is a political subdivision organized under the laws of the State of Oregon and operates in Marion County and Polk County, Oregon.

4.

Defendant Richard Beal ("Def. Beal") was at all relevant times employed by SPD and was

Page 1–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 1 of 19

1  acting in the course and scope of his employment and under color of law.

2                                              5.

3  Defendant Jared Noack ("Def. Noack") was at all relevant times employed by SPD and was
4  acting in the course and scope of his employment and under color of law.

5                                              6.

6  Jurisdiction is proper in this court because SPD is an agency of the City of Salem, operating in
7  the county of Polk. Venue is proper in this court because the actions and events giving rise to this
8  complaint occurred primarily in Polk County, Oregon.

9                                    FACTUAL ALLEGATIONS

10                                             7.

11  On or about November 17, 2014, Plaintiff was arrested by Def. Beal in Polk County, Oregon
12  on charges of Harassment (ORS 166.065) and Strangulation (ORS 163.187) constituting domestic
13  violence. Def Noack also participated in the investigation. Plaintiff's arrest was based on
14  intentionally false statements from Def. Autumn Lambright.

15                                             8.

16  Plaintiff did not commit the crimes of Harassment (ORS 166.065) and Strangulation (ORS
17  163.187) constituting domestic violence, the subject of Defendant SPD, Beal and Noack's
18  investigation and for which Plaintiff was arrested and detained and released under a release
19  agreement. Plaintiff maintained his innocence throughout the pendency of the criminal proceedings.

20                                             9.

21  After several months of prosecution on the charges of Harassment (ORS 166.065) and
22  Strangulation (ORS 163.187) constituting domestic violence, trial took place on July 10, 2015. The
23  actions by Defendants that constitute the basis for this complaint continued up to and through the
24  time of Plaintiff's criminal trial on July 10, 2015.

25                                             10.

26  Plaintiff was ultimately acquitted of all charges against him, and he immediately petitioned to
27  expunge the criminal file. The expungement of Plaintiff's criminal matter was completed in or about

28

Page 2–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 2 of 19

November of 2015.

11.

Prior to the dismissal and expungement of Plaintiff's criminal charges (during the pendency of the criminal proceedings against him), Plaintiff lost the custody of his children; he lost his home; and he lost his employment, which caused him extreme economic hardship and mental anguish. During the period Plaintiff was without the custody of his children, they were neglected and harmed as a result. These losses were a direct and proximate consequence of the wrongful criminal charges of Harassment (ORS 166.065) and Strangulation (ORS 163.187) constituting domestic violence levied against Plaintiff.

12.

At the November 17, 2014 incident, the alleged victim was Autumn Lambright, Plaintiff's wife at the time. Upon information and belief, she was intoxicated, mentally unstable, had been engaging in inappropriate relations and intended to divorce Plaintiff and take custody of the parties' children. Def. Beal was an initial investigator of the incident and the officer who arrested Plaintiff. Def. Noack was also an initial investigator of the incident.

13.

Defs. Beal and Noack failed to sufficiently investigate so as to discover the intentionally false allegation(s) against Plaintiff.

14.

At the November 17, 2014 incident, the alleged victim showed no bruising about her neck despite her claim Plaintiff had choked her. Defs Beal and Noack failed to investigate this factual inconsistency.

15.

At the November 17, 2014 incident, the alleged victim was intoxicated. Defs Beal and Noack failed to factor this into their investigation in determining credulity.

16.

Unlike the alleged victim, At the November 17, 2014 incident, Plaintiff was not intoxicated

Page 3–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

EXHIBIT 1
Page 3 of 19

1. and did exhibit noticeable physical signs of injury. Defs Beal and Noack failed and/or refused to
2. photograph and/or otherwise document injury to Plaintiff.

17.

At the November 17, 2014 incident, Defs Beal and Noack failed and/or refused to interview a neighbor eyewitness.

18.

At the November 17, 2014 incident, Plaintiff and the alleged victim provided certain conflicting statements to Defs Beal and Noack. On information and belief, Def. Beal (the arresting officer) told Def. Noack not to make a report due to the conflicting narratives.

19.

On information and belief, Defs Beal and Noack's failure to properly investigate and evaluate the potential arrest of Plaintiff at the November 17, 2014 incident was motivated by circumstances not related to any crime or charge alleged, but rather, motivated in substantial part by a fellow officer's relationship with a family member of Plaintiff.

20.

Following his acquittal, Plaintiff filed a complaint in or about October 2015 with Def. SPD regarding the conduct of Defs Beal and Noack. By letter of January 27, 2016, SPD Sergeant J. Hardy, responding to Plaintiff's complaint, wrote that he found sufficient evidence to prove Plaintiff's allegation that Def. Beal's investigation was incomplete because Def. Beal did not photograph or otherwise document Plaintiff's injuries. This complaint by Plaintiff and the response by Def. SPD satisfied Plaintiff's obligations under the Oregon Tort Claims Act, ORS 30.265 et seq in that Def. SPD was aware that Plaintiff was potentially making a claim for these matters.

<u>FIRST CLAIM AGAINST DEFENDANT AUTUMN LAMBRIGHT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

21.

Plaintiff realleges paragraphs 1-20 and incorporates the same herein.

///

Page 4–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 4 of 19

22.

By her intentionally false statement(s) resulting in Plaintiff's arrest and detention, and continuing to perpetuate such statements up to the time of trial, Def. Autumn Lambright intended to inflect severe emotional distress on Plaintiff.

23.

By her intentionally false statement(s) resulting in Plaintiff's arrest and detention, Def. Autumn Lambright actually caused severe emotional distress on Plaintiff.

24.

Def. Autumn Lambright's intentionally false statement(s) resulting in Plaintiff's arrest and detention constituted an extraordinary transgression of the bounds of socially tolerable behavior.

25.

Plaintiff was damaged by being arrested, having his freedom of movement and action restrained by a pre-trial release agreement in the criminal case and being forced to incur fees and costs in defending himself in the criminal case, and incurring legal fees for expunging any matters related to the prosecution. Plaintiff was additionally damaged by loss of his employment, and inability to obtain replacement employment. Plaintiff was forced to stand trial, appear in court, and incur economic and non-economic damages. Plaintiff requests economic damages in the amount of $46,741.86 that he paid in attorney's fees and costs for defending against this prosecution, attorney fees and costs in an ensuing family law matter and for lost income. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

### SECOND CLAIM AGAINST DEFENDANT AUTUMN LAMBRIGHT – INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

26.

Plaintiff realleges paragraphs 1-25 and incorporates the same herein.

Page 5–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky...

EXHIBIT 1
Page 5 of 19

27.

Through his employment, Plaintiff had a professional/business relationship with and expectation of payment from his employer.

28.

Def. Autumn Lambright was not a party to Plaintiff's professional/business relationship with his employer.

29.

For the reasons alleged, Def. Autumn Lambright intended to interfere and actually interfered, through improper means and/or for an improper purpose, with Plaintiff's professional/business relationship with his employer.

30.

Def. Autumn Lambright's interference caused actual harm to Plaintiff. Plaintiff requests economic damages in the amount of $46,741.86. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

### THIRD CLAIM AGAINST DEFENDANT AUTUMN LAMBRIGHT – MALICIOUS PROSECUTION

31.

Plaintiff realleges paragraphs 1-30 and incorporates the same herein.

32.

As alleged above, the criminal allegations against Plaintiff were based on intentionally false statements from Def. Autumn Lambright. At all times material, Plaintiff and Def. Autumn Lambright maintained a hostile relationship. This hostile relationship was the primary purpose of Def. Autumn Lambright's position that Plaintiff be arrested and prosecuted.

33.

The prosecution proceedings against Plaintiff terminated in Plaintiff's favor when he was

Page 6–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

EXHIBIT 1
Page 6 of 19

acquitted of Harassment (ORS 166.065) and Strangulation (ORS 163.187) constituting domestic violence.

34.

Plaintiff was damaged by being arrested, having his freedom of movement and action restrained by a pre-trial release agreement in the criminal case and being forced to incur fees and costs in defending himself in the criminal case, and incurring legal fees for expunging any matters related to the prosecution. Plaintiff was additionally damaged by loss of his employment, and inability to obtain replacement employment. Plaintiff was forced to stand trial, appear in court, and incur economic and non-economic damages. Plaintiff requests economic damages in the amount of $46,741.86 that he paid in attorney's fees and costs for defending against this prosecution, attorney fees and costs in the ensuing family law matter and for lost income. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

FOURTH CLAIM AGAINST DEFENDANT SPD -- MALICIOUS PROSECUTION

35.

Plaintiff realleges paragraphs 1-34 and incorporates the same herein.

36.

As alleged above, Def. SPD, through its officers, failed to investigate the allegations against Plaintiff to identity readily discoverable mitigating facts.

37.

There was not sufficient probable cause to arrest, detain and prosecute Plaintiff.

38.

Plaintiff's arrest was motivated by circumstances unrelated to the allegations under investigation.

///

Page 7–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 7 of 19

39.

The prosecution proceedings against Plaintiff terminated in Plaintiff's favor when he was acquitted of Harassment (ORS 166.065) and Strangulation (ORS 163.187) constituting domestic violence.

40.

Plaintiff was damaged by being arrested, having his freedom of movement and action restrained by a pre-trial release agreement in the criminal case and being forced to incur fees and costs in defending himself in the criminal case, and incurring legal fees for expunging any matters related to the prosecution. Plaintiff was additionally damaged by loss of his employment, and inability to obtain replacement employment. Plaintiff was forced to stand trial, appear in court, and incur economic and non-economic damages. Plaintiff requests economic damages in the amount of $46,741.86 that he paid in attorney's fees and costs for defending against this prosecution and for lost income. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT SPD – NEGLIGENCE

(Count 1 - Failure to Establish Probable Cause)

41.

Plaintiff realleges paragraphs 1-40 and incorporates the same herein.

42.

Def. SPD, through its officers, had a duty to establish probable cause prior to making an arrest.

43.

Defs SPD failed to establish probable cause prior to arresting and detaining Plaintiff, as described above. Failure of Def. SPD deviated from the reasonable and normal standards of law enforcement agencies under similar circumstances.

Page 8–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 8 of 19

44.

Def SPD's failure to establish probable cause prior to arresting Plaintiff rose to a level of gross negligence. The Fourth Amendment to the United States Constitution was well established at the time Plaintiff was arrested by Def. SPD. Def. SPD grossly disregarded Plaintiff's right against unreasonable seizure by failing to establish probable cause.

45.

The risk of harm caused by Def. SPD was foreseeable because a reasonable law enforcement agency making an arrest knows, or should know, that the arrest may lead to prosecution.

46.

Plaintiff was damaged by being arrested, having his freedom of movement and action restrained by a pre-trial release agreement in the criminal case and being forced to incur fees and costs in defending himself in the criminal case, and incurring legal fees for expunging any matters related to the prosecution. Plaintiff was additionally damaged by loss of his employment, and inability to obtain replacement employment. Plaintiff was forced to stand trial, appear in court, and incur economic and non-economic damages. Plaintiff requests economic damages in the amount of $46,741.86 that he paid in attorney's fees and costs for defending against this prosecution and for lost income. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

(Count 2 - Failure to Maintain and/or Follow Adequate Policies and Procedures)

47.

Plaintiff realleges paragraphs 1-46 and incorporates the same herein.

48.

Def. SPD, through its officers, had a duty to maintain and/or follow adequate and proper policies and procedures.

///

Page 9–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 9 of 19

49.

Def. SPD either had no policy and procedure in place for investigating a situation similar to the one alleged above, or did not adequately and properly follow those policies and procedures.

50.

Lack of proper policy and procedure in place, or failure to appropriately follow policies and procedures, resulted in harm to Plaintiff as described above. The harm inflicted on Plaintiff was foreseeable because a reasonable officer attempting to establish probable cause would know, or should know, that not having, or not following reasonable investigation policies and procedures, would result in similar harm as alleged in this complaint.

51.

Plaintiff was damaged by being arrested, having his freedom of movement and action restrained by a pre-trial release agreement in the criminal case and being forced to incur fees and costs in defending himself in the criminal case, and incurring legal fees for expunging any matters related to the prosecution. Plaintiff was additionally damaged by loss of his employment, and inability to obtain replacement employment. Plaintiff was forced to stand trial, appear in court, and incur economic and non-economic damages. Plaintiff requests economic damages in the amount of $46,741.86 that he paid in attorney's fees and costs for defending against this prosecution and for lost income. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

<u>SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS BEAL AND NOACK – VIOLATION OF 42 U.S.C. § 1983</u>

(Violation of Fourth Amendment Right Against Unreasonable Seizure)

52.

Plaintiff realleges paragraphs 1-51 and incorporates the same herein.

///

Page 10–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 10 of 19

53.

42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States . . . deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

54.

At all times material to this complaint, Defs. Beal and Noack acted or purported to act in the performance of official duties under federal, state, county, municipal law, ordinances or regulations. Defs Beal and Noack caused Plaintiff to be deprived of his rights against unreasonable seizure under the law, as guaranteed to them by the Fourth Amendment of the U.S. Constitution. Their violation of Plaintiff's rights was done during the performance of official duties.

55.

Plaintiffs' Fourth Amendment right against unreasonable seizure was violated by Defs Beal and Noack when they took Plaintiff into custody without probable cause and detained him. A reasonable officer would or should have fully investigated the totality of the circumstances to determine probable cause. Defs Beal and Noack failed to investigate readily discoverable mitigating facts. A reasonable officer would, or should, have investigated these factors to make a determination of whether probable cause to arrest Plaintiff existed.

56.

Defs Beal and Noack misused their official powers with a willful intent to deprive Plaintiff of his right against unreasonable seizure. The constitutional right to be free from unreasonable seizure under the Fourth Amendment was well established at the time Defs Beal and Noack took the aforementioned actions against Plaintiff.

57.

The actions of Defs Beal and Noack toward Plaintiff, as alleged in the above mentioned paragraphs, constitute a violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to relief. The violations of 42 U.S.C. § 1983 by Defs Beal and Noack resulted in Plaintiff being deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

Page 11–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205   Email info@lafky.com

EXHIBIT 1
Page 11 of 19

58.

Plaintiff was damaged by being arrested, having his freedom of movement and action restrained by a pre-trial release agreement in the criminal case and being forced to incur fees and costs in defending himself in the criminal case, and incurring legal fees for expunging any matters related to the prosecution. Plaintiff was additionally damaged by loss of his employment, and inability to obtain replacement employment. Plaintiff was forced to stand trial, appear in court, and incur economic and non-economic damages. Plaintiff requests economic damages in the amount of $46,741.86 that he paid in attorney's fees and costs for defending against this prosecution and for lost income. Plaintiff also suffered non-economic damages in the form of humiliation and emotional distress including, but not limited to, worry about criminal charges and/or jail time, worry about imposition of fines, and increased stress stemming from the criminal charge. Plaintiff requests non-economic damages in the amount of $200,000.

59.

Plaintiff also seeks recovery reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands the following for his claims for relief which is more specifically set forth under the various claims:

1. For Plaintiff's Claims 1, 2 and 3 against Def. Autumn Lambright,
   a. Economic damages in the amount of $46,741.86,
   b. Noneconomic damages in the amount of $200,000,
   c. Costs, and
   d. Any additional relief appropriate under the circumstances.
2. For Plaintiff's Claims 4 and 5 against Def. SPD,
   a. Economic damages in the amount of $46,741.86
   b. Noneconomic damages in the amount of $200,000,
   c. Costs, and
   d. Any additional relief appropriate under the circumstances.

///

Page 12–Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email info@lafky.com

EXHIBIT 1
Page 12 of 19

3.     For Plaintiff's Claim 6 against Defs Beal and Noack,

    a.     Economic damages in the amount of $46,741.86

    b.     Noneconomic damages in the amount of $200,000,

    c.     Attorney fees and costs pursuant to 42 U.S.C. § 1988, and

    d.     Any additional relief appropriate under the circumstances.

DATED this 13th day of January 2017.

                                       Kevin T. Lafky, OSB#862533
                                       klafky@lafky.com
                                       Attorneys for Plaintiff

I certify that the foregoing facts are true and correct to the best of my knowledge and belief.

                                       Alvin Lambright

STATE OF OREGON     )
                           ) ss.
County of Marion       )

This is to certify that Alvin Lambright appeared before me on the 13th day of January, 2017 and signed this document as his signature appears above.

                                       NOTARY PUBLIC

OFFICIAL STAMP
KEVIN T LAFKY
NOTARY PUBLIC - OREGON
COMMISSION NO. 957483
MY COMMISSION EXPIRES DECEMBER 26, 2020

My Commission Expires 12/26/20

Page 13--Complaint

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450   FAX (503) 585-0205

EXHIBIT 1
Page 13 of 19

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF POLK

| | |
|---|---|
| ALVIN M. LAMBRIGHT, | Case No. 17CV01379 |
| Plaintiff, | SUMMONS |
| v. | |
| AUTUMN LAMBRIGHT, CITY OF SALEM/SALEM POLICE DEPARTMENT, RICHARD BEAL and JARED NOACK, | |
| Defendants. | |

TO: **RICHARD BEAL**, Salem Police Department, 555 Liberty Street SE, Room 130, Salem, Oregon 97301.

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

GRANT COOK
OSB 062064
For

Kevin T. Lafky, OSB 852633
klafky@lafky.com
429 Court Street NE
Salem, OR 97301
503-585-2450
Attorney for Plaintiff

Page 1–SUMMONS

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301

RECEIVED
JAN 24 2017
CITY OF SALEM
LEGAL DEPARTMENT

EXHIBIT 1
Page 14 of 19

STATE OF OREGON )
) ss.
County of _____ )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

/s/ *Grant Cook*
*OSB 062064*
*For*
_____
Kevin T. Lafky, OSB 852633
Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

/s/ *Grant Cook*
*OSB 062064*
*For*
_____
Kevin T. Lafky, OSB 852633
Attorney for Plaintiff

Page 2–SUMMONS

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF POLK

| | |
|---|---|
| ALVIN M. LAMBRIGHT, | Case No. 17CV01379 |
| Plaintiff, | SUMMONS |
| v. | |
| AUTUMN LAMBRIGHT, CITY OF SALEM/SALEM POLICE DEPARTMENT, RICHARD BEAL and JARED NOACK, | |
| Defendants. | |

TO: **JARED NOACK**, Salem Police Department, 555 Liberty Street SE, Room 130, Salem, Oregon 97301.

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

Grant Cook
OSB062064
For

Kevin T. Lafky, OSB 852633
klafky@lafky.com
429 Court Street NE
Salem, OR 97301
503-585-2450
Attorney for Plaintiff

RECEIVED
JAN 24 2017
CITY OF SALEM
LEGAL DEPARTMENT

Page 1–SUMMONS

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301

EXHIBIT 1
Page 16 of 19

| | |
|---|---|
| 1 | STATE OF OREGON ) |
| 2 | ) ss. |
|   | County of ) |
| 3 | I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action. |

_Grant Cook_
_OSB062064_
_For_

_____
Kevin T. Lafky, OSB 852633
Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_Grant Cook_
_OSB062064_
_For_

_____
Kevin T. Lafky, OSB 852633
Attorney for Plaintiff

Page 2--SUMMONS

RECEIVED
JAN 24 2017
CITY OF SALEM
LEGAL DEPARTMENT

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF POLK

| | |
|---|---|
| ALVIN M. LAMBRIGHT, | Case No. 17CV01379 |
| Plaintiff, | SUMMONS |
| v. | |
| AUTUMN LAMBRIGHT, CITY OF SALEM/SALEM POLICE DEPARTMENT, RICHARD BEAL and JARED NOACK, | |
| Defendants. | |

TO:  **SALEM POLICE DEPARTMENT**, c/o Salem City Attorney's office, 555 Liberty Street SE, Room 205, Salem, Oregon 97301.

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

Kevin T. Lafky, OSB 852633
klafky@lafky.com
429 Court Street NE
Salem, OR 97301
503-585-2450
Attorney for Plaintiff

Page 1–SUMMONS

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301

EXHIBIT 1
Page 18 of 19

| | |
|---|---|
| 1 | STATE OF OREGON       ) |
| 2 |                       ) ss. |
|   | County of             ) |
| 3 | I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action. |

/s/ _____  Grant Cook
                              OSB 062064
                              For

Kevin T. Lafky, OSB 852633
Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

/s/ _____  Grant Cook
                              OSB 062064
                              For

Kevin T. Lafky, OSB 852633
Attorney for Plaintiff

Page 2–SUMMONS

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE. SALEM, OR 97301

EXHIBIT 1
Page 19 of 19